United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BAYRON JAVIER PONCE PADILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-5326 |
| vs. | § | |
| | § | |
| WARDEN, Joe Corley Processing Center, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |
| | § | |

## ORDER

The petitioner is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials within the Southern District of Texas. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges the petitioner's continued detention. The petitioner argues that the immigration detention has now become unreasonably long, violating the Fifth Amendment's Due Process Clause. After a careful review of the petition, the parties' responses, the record, and the applicable law, *see Banegas Avila v. Frink*, No. CV H-26-916, 2026 WL 976144, at *3 (S.D. Tex. Apr. 10, 2026); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the court agrees.[1]

[1] The respondents argue that the Third Circuit's four-factor test should not apply. But as the court explained, the throughline in the Supreme Court's detention case law is that "an alien 'could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.'" *Banegas Avila*, 2026 WL 976144, at *3 (quoting *Demore v. Kim*, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring)). The Third Circuit's factors implement this principle. The length of detention has become unreasonable if it has lasted for six or more months, is likely to continue for a substantial period of time, and is not the petitioner's fault. The final factor—whether the petitioner's conditions of confinement resemble criminal punishment—further shows whether detention is for a bona-fide immigration purpose or is unjustified criminal punishment.

The petitioner's detention is presumptively unreasonable; it has lasted more than six months and is likely to continue for more, without sufficient justification. The detention violates the Fifth Amendment's Due Process Clause.[2] It is **ordered** that the respondents must release the petitioner from custody unless the government provides a bond hearing before an immigration judge by **August 10, 2026**. If a bond hearing is held the government bears the burden of proving, by clear and convincing evidence, that the petitioner presents a risk of flight or a danger to the community. The parties must **confer** and **file** a joint update with the court by **August 13, 2026**, informing the court of the result of any hearing, and the petitioner's custody status. The respondents' Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment (Docket Entry No. 5) is **denied** and the petition for a writ of habeas corpus is **granted in part**.

SIGNED on August 3, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

[2] The respondents request that the court stay this case pending en banc resolution of *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), *reh'g en banc granted, opinion vacated,* No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). The court recognizes that the Fifth Circuit has stayed the judgment of the district courts in the three cases underlying *Sosnova Rodriguez* pending rehearing en banc. Upon review, the three district court opinions at issue granted habeas relief on the grounds of procedural due process. This court's analysis turns only on substantive due process. At this time—and given that the Fifth Circuit did not explain its decision and the underlying motion remains sealed—the court concludes that it may continue to rule on the substantive due process issue.